# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN POOLE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 07-5534** |
| **JIMMY SHIVERS, ET AL** | * | **SECTION: "J"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

On August 6, 1993, petitioner, John Poole, also known as Cedrick Caldwell and Danny White, currently incarcerated in the Avoyelles Parish Sheriff's Office, was charged by bill of information with simple burglary, a violation of LSA-R.S. 14:62. At his arraignment on August 11, 1993, petitioner pleaded not guilty. However, on August 24, 1993, the date set for trial, petitioner withdrew his earlier plea and entered a plea of guilty as charged. On November 10, 1993, petitioner was sentenced to serve twenty years at hard labor as a fourth felony offender under LSA-R.S. 15:529.1. Petitioner appealed, arguing that the trial court erred in sentencing him as a fourth felony offender. The Louisiana Fourth Circuit Court of Appeal agreed, vacating petitioner's sentence and remanding the matter for resentencing. *State v. Poole*, 641 So.2d 6 (Table), No. 94-KA-0860 (La. App. 4 Cir. 07/14/94) (unpublished opinion).

On August 26, 1994, the state district court resentenced petitioner as a third-felony offender to serve twenty years imprisonment. Petitioner again appealed his sentence. On September 15, 1995, the state appellate court affirmed both petitioner's conviction and sentence. *State v. Poole*, 660 So.2d 214 (Table), No. 95-0152 (La. App. 4 Cir. 09/15/95)

---

[1] A portion of petitioner's procedural history is taken from two Louisiana Fourth Circuit Court of Appeal opinions, *State v. Poole*, 641 So.2d 6 (Table), No. 94-KA-0860 (La. App. 4 Cir. 07/14/94) (unpublished opinion), and *State v. Poole*, 660 So.2d 214 (Table), No. 95-0152 (La. App. 4 Cir. 09/15/95) (unpublished opinion). Copies of these unpublished Louisiana Fourth Circuit opinions are contained in the State rec., vol. 1 of 3.

(unpublished opinion).  On February 2, 1996, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final.  *State v. Pool [sic]*, 666 So.2d 1087, 95-KO-2517 (La. 1996).[2]

Following the finality of his conviction, petitioner, on December 4, 1997, filed a "Petition for Writ of Habeas Corpus Action" with the state district court.[3]  On January 23, 1998, the district court denied petitioner's habeas corpus action.[4]

Petitioner did not seek relief from the state appellate court in connection with the district court's January 23, 1998 adverse decision.  Instead, petitioner, on March 12, 1998, filed a motion to correct an illegal sentence with the state district court.[5]  On May 26, 1998, the district court denied petitioner's motion to correct an illegal sentence.[6]  Again, petitioner did not seek relief from the state appellate court in connection with the district court's May

---

[2]On February 21, 1995, while his direct appeal was still pending, petitioner filed a "Uniform Application for Post-Conviction Relief" with the state district court.  ( A copy of petitioner's February 21, 1995 post-conviction application is contained in the State rec., vol. 3 of 3).  Petitioner's effort in this regard culminated on September 25, 1995, when the Louisiana Fourth Circuit denied his writ application.  *State v. Poole*, 95-K-1892 (La. App. 4 Cir. 9/25/95) (unpublished opinion).  (A copy of the state appellate court's unpublished opinion is contained in the State rec., vol. 2 of 3).

[3]A copy of petitioner's December 4, 1997 writ application is contained in the State rec., vol. 3 of 3.

[4]*See* State rec., vol. 3 of 3, docket master, p. 3.

[5]A copy of petitioner's motion to correct an illegal sentence is contained in the State rec., vol. 3 of 3.

[6]*See* State rec., vol. 3 of 3, docket master, p. 3.

26, 1998 adverse decision.

On September 17, 1998, petitioner filed another application for post-conviction relief with the state district court.[7] On October 13, 1998, the district court denied petitioner relief.[8] On January 13, 1999, the Louisiana Fourth Circuit Court of Appeal, finding "no error in the judgment of the district court", likewise denied petitioner post-conviction relief. *State v. Poole*, No. 98-K-2843 (La. App. 4 Cir. 1/13/99) (unpublished opinion).[9] On August 25, 1999, the Louisiana Supreme Court denied petitioner's writ application. *State ex rel. Poole v. State*, 747 So.2d 51 (La. 1999).[10]

Petitioner filed the instant action for federal habeas corpus relief on or about June 29,

---

[7]A copy of petitioner's September 17, 1998 post-conviction application is contained in the State rec., vol. 3 of 3.

[8]*See* State rec., vol. 3 of 3, docket master, p. 3.

[9]A copy of the state appellate court's January 13, 1999 unpublished opinion is contained in the State rec., vol. 3 of 3.

[10]Approximately two months following the state supreme court's August 25, 1999 denial of his writ application, petitioner, on October 20, 1999, filed a second motion to correct an illegal sentence with the state district court. (A copy of petitioner's second motion to correct an illegal sentence is contained in the State rec., vol. 3 of 3). There is no evidence reflecting that the state district court rendered a decision with respect to petitioner's second motion to correct an illegal sentence. However, as shown *infra*, petitioner's time for filing the instant federal habeas action expired long before petitioner filed with the state district court his second motion to correct an illegal sentence. Accordingly, the fact that petitioner's second motion to correct an illegal sentence may still be pending before the state district court does not preclude this court from rendering the instant opinion regarding the untimeliness of petitioner's federal habeas corpus action.

4

2007.[11] In its Response (rec. doc. 11), the State argues that petitioner's habeas application should be dismissed as time-barred. For the following reasons, this court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of -"

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (West 2009).

In the instant matter, petitioner's conviction became final on February 2, 1996, and

---

[11]This matter, originally filed in the United States District Court for the Western District of Louisiana, was later transferred, pursuant to the provisions of 28 U.S.C. §1406, to the United States District Court for the Eastern District of Louisiana, the district from which petitioner's conviction arose.

his time for seeking review expired on May 2, 1996, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000) (citing 28 U.S.C. §2244(d)(1)(A)); *see also United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Thus, under the provisions of § 2254(A), petitioner had a year from May 2, 1996, or until May 2, 1997, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on or about June 29, 2007, over ten years after his May 2, 1997 deadline. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It was not until December 4, 1997, approximately seven months after May 2, 1997, the date his one-year statute of limitations expired, that petitioner sought post-conviction relief. Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher*

*v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner asserts that the untimeliness of his habeas petition is due to his inmate lawyer's incompetence. (*See* Rec. doc. 16). However, the Fifth Circuit has made clear that neither an inmate's incompetence nor incompetence on the part of his counsel are sufficient to warrant equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 848-849 (5th Cir. 2002). Accordingly, the court finds that petitioner's argument is insufficient to justify any equitable tolling of the AEDPA's one-year time limit.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the instant application for federal habeas corpus relief filed by petitioner, John Poole, be **DENIED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this __23rd__ day of ____October____, 2009.

_____
LOUIS MOORE, JR.
United States Magistrate Judge